## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DELANO E. HALL,

        **Plaintiff,**

        v.                              **CASE NO.  17-3067-SAC-DJW**

NANCY J. FANTROY,
AT&T/NCR/SYMBIOS,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is detained at the El Dorado Correctional Facility in El Dorado, Kansas.  Plaintiff filed a Complaint (Doc. 1), alleging the following.   Defendant Nancy Fantroy, a sales representative for AT&T/NCR/Symbios, used the company name to set up a capital crime and insurance fraud. The Defendant company was aware of the Defendant employee using her name and title to perjure testimony on April 15, 2013.  Plaintiff claims that Defendant Fantroy made a false report of Plaintiff's cellular device in an attempt to place Plaintiff at certain dwellings to make a false report of a rape crime.  Plaintiff's claim at Count I alleges a false report claim and insurance fraud.  Plaintiff's claim at Count II alleges a violation of the Electronic Communications Privacy Act and identity theft.   Plaintiff's claim at Count III alleges identity theft.  Plaintiff seeks ten million dollars in damages for fraud and theft.

On June 8, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. 7) ("NOSC"), ordering Plaintiff to show cause why this matter should not be dismissed due to the deficiencies set forth in the NOSC.  The NOSC found that Plaintiff's claims against

Defendants fail to show that any Defendant was acting under color of state law, and fail to allege a plausible federal constitutional violation. Plaintiff filed a Response (Doc. 8) to the NOSC.

Plaintiff's Response sets forth additional facts and alleges that Defendant Fantroy is his "ex-common law wife," and she violated his right to be left alone, threatened him, committed insurance fraud, filed a false report causing the seizure of Plaintiff's iPhone, violated Plaintiff's privacy and property rights, interfered with electronic communications, destroyed evidence, filed a false police report, and gave false testimony.

A complaint brought under § 1983 must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (citation omitted). A defendant acts "under color of state law" when he "exercises[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Acad. v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001).

This matter is dismissed because neither Defendant was acting under color of state law. Plaintiff alleges that Defendant Fantroy gave false testimony and tampered with evidence, presumably in state court proceedings in 2013. Plaintiff incorrectly assumes that Fantroy was acting under color of state law because she was a witness in the proceedings. *See Camick v. Wattley*, No. 13–2362–JAR–JPO, 2014 WL 1343274, at *2 (D. Kan. April 4, 2014) (finding a private citizen "does not engage in state action simply by availing herself of a state procedure,"

and acts of reporting theft and providing information to State authorities are insufficient to establish state action); *Meeks v. Community America Credit Union*, No. 12 – 3108 – SAC, 2014 WL 644982, at \*1 (D. Kan. Feb. 19, 2014) (finding that "neither reporting a crime to law enforcement authorities nor acting as a witness to criminal activity by other than a 'state actor' amounts to a cognizable claim under § 1983.")

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of July, 2017.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**